By the Court.
- This is a proceeding in quo warranto brought in this court by Cornell Schreiber, as city solicitor of the city of Toledo, against Charles M. Milroy, as prosecuting attorney of Lucas county.
, It is alleged in the petition that the budget commission of Lucas county met on the first Monday in June, 1913, and there were present the mayor of the city of Toledo, the county auditor and the prosecuting attorney of. Lucas county and the relator herein, Cornell Schreiber, city solicitor of the city of Toledo; that Schreiber, as such solicitor, demanded that he be recognized as a member of the board of budget commissioners, which fight was denied, and it is alleged further that the prosecuting attorney, defendant herein, was illegally recognized as a member of said commission ; that he has no right to act as such, but has usurped, intruded into and unlawfully holds and exercises said office. The relator asks that de *303 fendant be ousted and excluded therefrom, and that he, the relator, be inducted into said office.
The relator claims the right and title to the office in question under and by virtue of the provisions of an act of the general assembly, passed in April, 1913, approved by the governor May 6, 1913, and filed in the office of the secretary of state May 9, 1913.
This act amends and repeals certain sections of an act known as the “Smith One Per Cent Law.” It repeals Section 5649-3 and amends Sections 5649-2 and 5649-36.
Section 5649-36, as amended by this act, provides that the budget commission of each' county shall consist of three members—the county auditor, the mayor of the largest municipality in the county, and, in counties in which the amount of taxable property in the cities and villages thereof exceeds the amount of taxable property of territory outside of the cities and villages, the third member shall be the city solicitor of the largest municipality in the county.
Defendant denies the right of the relator to act as a member of the board of budget commissioners for the reason that the act in question is not, at present, in effect. In support of his contention, he calls attention to the provisions of Article II of the Constitution. This article provides for the initiative and referendum, and contains the provision that no law passed by the. general assembly shall go into effect until ninety days after it shall have been filed by the governor in the office of the secretary of state, except as provided in said article.
*304 ' Section Id of Article II is as follows: “Laws providing for tax levies, appropriations for the current expenses of the state government and ■state institutions, and emergency laws necessary .for the immediate preservation, of. the publiq peace, health or safety, shall go into immediate effect. Such emergency laws upon a yea and nay vote must receive the vote of two-thirds of all the members elected to each branch of the general assembly, and the reasons for such necessity shall be set forth in one section of the law, which section shall be passed only upon a yea and nay vote, upon a separate roll call thereon: The laws mentioned in this section shall not be subject to the referendum.”
The relator contends that the act under which he is claiming title to the office is one providing for tax levies, and comes within' the’ exceptions mentioned in Section Id, supra.
Sections 5649-2 and 5649-3& comprise the act which the relator designates as “a law providing for tax levies.” This act, by Section 5649-2, imposes a limitation upon the aggregate amount of all taxes that may be levied, and the other section in said act creates the budget commission.
The general assembly did not, in this act, impose a tax, stating distinctly the object of the same, nor did it fix the amount or the percentage of value to be levied, nor did it designate persons or property against whom a levy was to be made. It merely imposed certain limitations and created an agency. The act cannot be said to be one “providing for tax levies,” within the meaning of those words as used in Section Id of Article II *305 of the Constitution. It is, therefore, clearly subject to the referendum and cannot become effectr ■ ive until ninety days after it was filed in the office of the secretary of state.
The validity of this act is challenged. It is unnecessary to consider this in determining the rights of the relator in this case as in no event could he claim title to the office in question until ninety days after May 9, 1913.

Writ refused.

Shauck, C. J., Johnson, Donahue, Wanamaker, Newman and Wilkin, JJ., concur.